# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TYRONE A. REDDEN, | ) | |
| | ) | ID. No. 0701015161 |
| Defendant. | ) | |
| | ) | |
| | ) | |

Decided: September 1, 2015

## ORDER

On Defendant's for Motion Postconviction Relief. **DENIED.**

**Scott, J.**

1. On October 24, 2007, Defendant Tyrone A. Redden ("Redden") was found guilty of three counts of Burglary Second Degree, three counts of Theft Over $1,000, three counts of Conspiracy Second Degree, one count of Possession of Burglar's Tools, one count of Theft of a Firearm, and one count of Possession of a Deadly Weapon by a Person Prohibited. Redden was represented by Jerome M. Capone, Esquire at trial. On January 25, 2008, Redden was declared a habitual offender under 11 *Del. C.* §4214(a) and sentenced to serve 32 years of Level V incarceration, followed by six months at Level IV work release and then Level III probation.

2. Represented by Andrew W. Gonser, Esquire, Redden raised only two issues on his direct appeal to the Delaware Supreme Court.[1] Redden first argued that the trial judge denied his right to an impartial and fair jury when the judge failed to instruct the jury that it could not infer his guilt from his co-defendant's flight.[2] Redden's second argument was that the trial judge erred in denying his motions for mistrial and severance, based on facts arising out of his co-defendant's flight. On January 14, 2009, the Delaware Supreme Court affirmed Redden's convictions. On February 6, 2009, Redden's judgment of conviction became final.

---

[1] *See* Supreme Court Docket No. 81, 2008; *Redden v. State*, 3 A.3d 1098 (Del. 2009).
[2] Redden's co-defendant in this case was James L. Ross. Case No. 0701014963.

3.     On June 3, 2009, Redden filed a *pro se* Motion for New Trial under Delaware Superior Court Criminal Rule 33, which also raised substantive issues under Superior Court Criminal Rule 61.  In this motion, Redden argued that he was denied his right to a fair trial because the trial judge was biased by the fact that the judge resided in the same development where one of the attempted burglaries occurred.  Redden also argued that he should be granted a new trial because juror misconduct occurred when Juror No. 14's driver was present in the courtroom during portions of trial proceedings when the jury was not present.  On June 30, 2009, the Superior Court denied Redden's Motion for New Trial as to the judicial bias challenge under Superior Court Criminal Rules 33 and 61, but did not address the juror misconduct issue.[3]

4.     On July 27, 2009, Redden appealed the Superior Court's June 30 Order to the Delaware Supreme Court.[4]   Initially, the Supreme Court remanded the case back to the Superior Court for adjudication of the juror misconduct issue.  On January 12, 2010, the Superior Court again denied Redden's Motion for New Trial on both grounds alleged under Superior

---

[3] *See* June 30, 2009 Order.
[4] *See* Supreme Court Docket No. 424, 2009.

Court Criminal Rules 33 and 61,[5] which the Supreme Court affirmed on June 25, 2010.[6]

5. On August 20, 2013, Redden filed a *pro se* Motion for Postconviction Relief, along with a motion requesting appointment of counsel. On July 10, 2014, Redden, through his appointed postconviction counsel John A. Barber, Esquire, filed an Amended Motion for Postconviction Relief ("Amended Motion"). Redden's Amended Motion provided two grounds as the bases for his claim. Redden's first asserted ground is that his trial counsel was ineffective for failing to object to the introduction of out-of-court statements of State's witnesses Eugene Lai and Desarie Dennis, on the basis that the State did not establish the foundational requirements of truthfulness for admission of an out-of-court statement pursuant to 11 *Del. C.* § 3507. Redden's second asserted ground is that his appellate counsel was ineffective for failing to appeal Redden's convictions, on the basis that the trial court committed reversible error by allowing the prior out-of-court statements of the State's witnesses to be presented to the jury. In other words, Redden's second ground for his Amended Motion imputes his claim of the ineffectiveness of his trial counsel to his appellate counsel, for failing to raise the argument on Redden's first appeal.

---

[5] *Redden v. State*, 2010 WL 893685 (Del. Super. Jan. 12, 2010).
[6] *Redden v. State*, 2010 WL 2560041 (Del. Jun. 25, 2010).

6. Both Mr. Capone and Mr. Gonser have filed their affidavits and the State has responded to Redden's Amended Motion. Upon reviewing the underlying facts and the parties' submissions, the Court finds Redden's Amended Motion for Postconviction Relief is procedurally barred under Superior Court Criminal Rule 61(i).[7]

7. Rule 61(i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction; (2) any ground for relief that was not asserted in a prior post conviction proceeding is thereafter barred; (3) any ground for relief must have been asserted at trial or on direct appeal as required by the court rules; (4) any ground for relief must not have been formerly adjudicated in any proceeding leading to the judgment of conviction.[8]

8. Redden's claims are time barred under Rule 61(i)(1), which prohibits the Court from considering a motion for postconviction relief unless it is filed within one year of the date the conviction became final. For purposes of this rule, where a defendant files a direct appeal, the judgment of conviction becomes final when the Delaware Supreme Court issues a

---

[7] *See Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991) ("The first inquiry in any analysis of a post-conviction relief claim is whether the petition meets the procedural requirements of Rule 61.") *See also Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[8] Super. Ct. Crim. R. 61(i)(1)-(4).

5

mandate or order finally determining the case on direct review.[9] In this case, Redden was sentenced on January 25, 2008. However, Redden directly appealed his convictions to the Delaware Supreme Court. As such, Redden's judgment became final pursuant to the Supreme Court's order on February 6, 2009. Redden current motion for postconviction relief was filed on August 20, 2013. Therefore, Redden's claims are time barred because the motion was filed more than one year from the date of final judgment in this case.[10]

9.   Redden's claims are also procedurally barred under Rule 61(i)(2) because the grounds for relief that Redden asserts in this motion were not raised in his prior motion for postconviction relief. Although Redden avers that the Amended Motion is his first motion for postconviction relief, the prior Superior Court and Supreme Court opinions in this case reflect issues previously raised and adjudicated pursuant to Rule 61.

10.   After his final judgment of conviction, Redden filed a Motion for New Trial on June 3, 2009, alleging both judicial bias and juror misconduct. The Superior Court ultimately denied Redden's motion for a new trial,

---

[9] Del. Super. Ct. Crim. R. 61(m).

[10] While Redden's Amended Motion was filed through his appointed counsel on July 10, 2014, Redden filed his original *pro se* motion for postconviction relief on August 20, 2013. The Court uses August 20, 2013 to determine whether the motion is time barred under Rule 61(i)(1) because it is the earliest filing of the current motion for postconviction for relief.

deciding both issues under Rule 33 and Rule 61. On June 25, 2010, the Delaware Supreme Court affirmed the Superior Court's decision on that motion, holding that "[t]he Superior Court did not err when concluding that Redden's motion for new trial was procedurally barred under both Superior Court Criminal Rule 33 and Superior Court Criminal Rule 61."[11] The Supreme Court further stated that, "[r]elief under Superior Court Criminal Rule 61 is barred because Redden did not allege cause why he did not previously raise the issues, and he did not demonstrate that the issues otherwise warranted exceptional review."[12] As such, the Amended Motion is properly considered Redden's second motion for postconviction relief. Therefore, Reddens claims are barred under Rule 61(i)(2) because his ineffective assistance of counsel claims were not raised in Redden's June 3, 2009 motion for new trial and postconviction relief.

For the reasons discussed above, Redden's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61, is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/CALVIN L. SCOTT
**Judge Calvin L. Scott, Jr.**

---

[11] *Redden*, 2010 WL 2560041, at *1.
[12] *Id.*